1 | Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 | Jill A. Benjamin, State Bar No. 219395
E-Mail: jbenjamin@hurrellcantrall.com
3 | Lisa Y. An, State Bar No. 242918
E-Mail: lan@hurrellcantrall.com
4 | HURRELL CANTRALL LLP
660 South Figueroa Street, 21st Floor
5 | Los Angeles, California 90017-3442
Telephone: (213) 426-2000
6 | Facsimile: (213) 426-2020

7 | Attorneys for Defendants DEPUTY ANTHONY EAGAR, served herein as
DEPUTY EAGARS, DR. SHOHREH GHAEMIAN, served herein as DR.
8 | GHAIMEAN, DEPUTY STEVE FERNANDEZ, served herein as DEPUTY
FERNANDEZ, SERGEANT ELIZABETH DUNCAN, served herein as
9 | SERGEANT DUNCAN, and SHERIFF LEE BACA, served herein as LEE
BACA, SHERIFF

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SHAWNE FLETCHER, | CASE NO. CV07-4180-GPS (JC) |
| Plaintiff, | Case Filed 6/26/07 |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| LEE BACA, SHERIFF, DEPUT(S), FERNANDEX, AGUILAR, EAGARS, DOES 1-8, sgt. Duncan, DR. GHAIMEAN, ET & al, | Assigned to Judge George P. Schiavelli Courtroom "7" |
| Defendants. | Discovery Cut-Off Date: May 16, 2008 Trial Date:          None |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

RECORD HEREIN:

Defendants DEPUTY ANTHONY EAGAR, served herein as DEPUTY

EAGARS, DR. SHOHREH GHAEMIAN, served herein as DR. GHAIMEAN,

DEPUTY STEVE FERNANDEZ, served herein as DEPUTY FERNANDEZ,

SERGEANT ELIZABETH DUNCAN, served herein as SERGEANT DUNCAN,

and SHERIFF LEE BACA, served herein as LEE BACA, SHERIFF (hereinafter

*HURRELL CANTRALL LLP*
*660 SOUTH FIGUEROA STREET, 21ST FLOOR*
*LOS ANGELES, CALIFORNIA 90017-3442*
*TELEPHONE (213) 426-2000*

1  collectively referred to as "defendants") hereby submit the following Opposition to

2  plaintiff SHAWNE FLETCHER's Motion for Appointment of Counsel.

3        This Opposition is based on the attached Memorandum of Points and

4  Authorities, all exhibits, papers, pleadings and documents contained on file, and

5  upon such other oral and documentary evidence as may be presented.

6

7  DATED: July 24, 2008          Respectfully submitted,

8                                     HURRELL CANTRALL LLP

9

10

11                                     By: _____

12                                     THOMAS C. HURRELL

13                                     JILL A. BENJAMIN

14                                     LISA Y. AN

15                                     Attorneys for Defendants DEPUTY ANTHONY EAGAR, served herein as DEPUTY EAGARS, DR. SHOHREH GHAEMIAN, served herein as DR. GHAIMEAN, DEPUTY STEVE FERNANDEZ, served herein as DEPUTY FERNANDEZ, SERGEANT ELIZABETH DUNCAN, served herein as SERGEANT DUNCAN, and SHERIFF LEE BACA, served herein as LEE BACA, SHERIFF

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-2-

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2  I.   **INTRODUCTION.**

3        The Complaint in this action was filed on June 24, 2007 in which plaintiff

4  SHAWNE FLETCHER alleges violations of his Eighth and Fourteenth Amendment

5  rights to be free from cruel and unusual punishment in the form of excessive force,

6  right to adequate medical care, and right to personal safety arising out of events

7  which occurred at Twin Towers Correctional Facility and Men's Central Jail in June

8  2006.

9        On February 27, 2008, plaintiff filed a Motion for Request for Counsel in

10 light of defendants' Motion to Dismiss Sheriff Baca and the occurrence of plaintiff's

11 deposition on January 17, 2008 without the assistance of counsel.  The Court duly

12 considered plaintiff's motion and issued an Order denying his request on February

13 29, 2008, noting that the "exceptional circumstances" necessary to grant plaintiff's

14 request for counsel did not exist at that time.

15       Nearly four months after the Court's denial of plaintiff's request for counsel,

16 plaintiff filed the instant Motion for Appointment of Counsel on June 30, 2008.  The

17 parties duly engaged in discovery for the past several months in accordance with the

18 discovery cut-off date of May 16, 2008, and defendants filed a dispositive motion in

19 accordance with the motion cut-off date of June 17, 2008.  All relevant and

20 responsive documentation in defendants' possession have been supplied to plaintiff

21 on multiple occasions and no further pertinent documentation exists to defendants'

22 knowledge at this time.

23       It is defendants' position that the circumstances of the litigation have not

24 changed dramatically to warrant assistance of counsel since the Court denied

25 plaintiff's initial request in February 2008.  With the conclusion of discovery in May

26 2008, there are no new facts or issues which remain to be discovered and the legal

27 complexity of the case has not changed since its inception.  Furthermore, for the past

28 several months, plaintiff has actively pursued his claims without the assistance of

-3-

1  counsel through frequent motion practice, including discovery motions, motions to

2  amend complaint, and motions to extend deadlines.  Plaintiff has proven thus far

3  that he is capable of handling various aspects of his case, grasping the facts and

4  legal issues involved, and he has simply not exhibited an exceptional need for

5  counsel.

6  　　Based on the foregoing, defendants respectfully request the Court deny

7  plaintiff's Motion for Appointment of Counsel.

8  **II.　PLAINTIFF'S REQUEST FOR COUNSEL SHOULD BE DENIED**

9  　　**UNDER THE PRESENT CIRCUMSTANCES.**

10  　　There is normally no constitutional right to counsel in a civil case.  *U.S. v.*

11  *30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795

12  F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. §1915(e), the Ninth

13  Circuit has held that a district court has discretion to appoint counsel for indigents

14  when it determines the interests of justice so require.  *Chaney v. Lewis*, 801 F.2d

15  1191, 1196 (9th Cir. 1986).  Such an appointment, however, is limited to those civil

16  cases involving "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015,

17  1017 (9th Cir. 1991).  A finding of exceptional circumstances requires an evaluation

18  of both the likelihood of success on the merits and the ability of the plaintiff to

19  articulate his claims pro se in light of the complexity of the legal issues involved.

20  *Id.*  Neither of these issues is dispositive and both must be viewed together before

21  reaching a decision.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

22  　　In *Terrell*, plaintiff contended that a prison guard purposely closed a food-slot

23  door on his hand, causing some bleeding, and he was subsequently denied medical

24  treatment for those injuries.  *Terrell, supra,* 935 F.2d at 1017.  Plaintiff proceeded

25  pro se and brought an action against prison officials alleging Eighth Amendment

26  claims cruel and unusual punishment in the form of wanton and unnecessary

27  infliction of pain and deliberate indifference to serious medical needs when a prison

28  guard .  *Id.*  The Court found that the trial court did not abuse its discretion by

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1   denying plaintiff's motion for appointment of counsel because plaintiff demonstrated

2   "sufficient writing ability and legal knowledge to articulate his claim," the facts

3   alleged and issues raised by plaintiff were not of "substantial complexity," and the

4   compelling evidence against plaintiff made it extremely unlikely that he would

5   succeed on the merits." *Id.*; see also *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.

6   1987) (pro se plaintiff's pleadings illustrated a good understanding of the legal

7   issues involved in a federal civil rights case, the ability for plaintiff to forcefully and

8   coherently present his contentions, mount a defense, and articulate arguments).

9   Under such circumstances, appointment of counsel is not warranted. *Face-Papa v.*

10  *Galasso*, 2007 U.S. Dist. LEXIS 81926 (S.D. Cal. 2007).

11         In February 2008, plaintiff's initial request for assistance of counsel was

12  denied after the Court found that the "exceptional circumstances" necessary to grant

13  plaintiff's request did not appear to exist at that time.  Both *Terrell* and *LaMere*

14  involved pro per inmate plaintiffs pursuing claims for federal civil rights violations

15  akin to those of plaintiff.  Like *Terrell* and *LaMere*, the breadth of plaintiff's

16  understanding of the instant case has been clearly illustrated during these past

17  several months as plaintiff has actively engaged in discovery and motion practice

18  without the assistance of counsel.  Plaintiff experienced no major setbacks or

19  disadvantages as defendants specially accommodated plaintiff with duplicative

20  discovery documents and proper responsive papers in conjunction with plaintiff's

21  numerous moving papers.  The complexity of the legal issues have not evolved since

22  the inception of the case and with the conclusion of the major phases of litigation,

23  the likelihood that additional or more complicated legal issues will surface at this

24  juncture is very minimal.  Therefore, defendants submit that exceptional

25  circumstances still do not exist in this litigation to warrant appointment of counsel

26  per plaintiff's request.

27  / / /

28  / / /

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

III.    **CONCLUSION.**

Based on the foregoing, defendants DEPUTY ANTHONY EAGAR, DR. SHOHREH GHAEMIAN, DEPUTY STEVE FERNANDEZ, SERGEANT ELIZABETH DUNCAN and SHERIFF LEE BACA respectfully request this Court to deny plaintiff's Motion for Appointment of Counsel.

DATED: July 24, 2008            Respectfully submitted,

HURRELL CANTRALL LLP

By: _____

THOMAS C. HURRELL
JILL A. BENJAMIN
LISA Y. AN
Attorneys for Defendants DEPUTY
ANTHONY EAGAR, served herein as
DEPUTY EAGARS, DR. SHOHREH
GHAEMIAN, served herein as DR.
GHAIMEAN, DEPUTY STEVE
FERNANDEZ, served herein as DEPUTY
FERNANDEZ, SERGEANT
ELIZABETH DUNCAN, served herein as
SERGEANT DUNCAN, and SHERIFF
LEE BACA, served herein as LEE BACA,
SHERIFF

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-6-

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and **not a party to this
action.** I am employed in the County of Los Angeles, State of California. My
4 business address is 660 South Figueroa Street, 21st Floor, Los Angeles, California
90017-3442.

5
        On July 25, 2008, I served true copies of the following document(s) described
6 as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL** on the interested parties in this action as
7 follows:

8 Shawne Fletcher                               **Plaintiff, Pro Se**
CDC # E-92169
9 Folsom State Prison
P.O. Box 950
10 Folsom, CA 95673

11 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed
to the persons at the addresses listed in the Service List and placed the envelope for
12 collection and mailing, following our ordinary business practices. I am readily
familiar with Hurrell Cantrall's practice for collecting and processing
13 correspondence for mailing. On the same day that the correspondence is placed for
collection and mailing, it is deposited in the ordinary course of business with the
14 United States Postal Service, in a sealed envelope with postage fully prepaid.

15        I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
16 of a member of the bar of this Court at whose direction the service was made.

17        Executed on July 25, 2008, at Los Angeles, California.

18

19        _____
          Diane Neff
20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000